UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERRY S. EYCHANER,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>    Defendant. | CASE NO. **C05-5676RJB**<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 1, 2006 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed, and after reviewing the record, the undersigned recommends that the Court affirm the administration's final decision.

INTRODUCTION

Plaintiff, Sherry Eychaner, was born in 1956, and she was 45 years old when she allegedly became disabled in November 2001. Plaintiff has a 10th- or 11th-grade education. She has past relevant work experience as a security officer (light, low semi-skilled), truck dispatcher (sedentary, semi-skilled), bingo hall attendant (light, unskilled), and preparation cook/meat slicer (medium, unskilled). Plaintiff testified she last worked in November 2001, when she got laid off from a job as a security officer at a wood mill.

In September 2002, Plaintiff filed an application for disability insurance benefits (Tr. 56-58). She alleged disability since August 1, 2002, due to pain in her leg and lower back (Tr. 69, 76). In November

REPORT AND RECOMMENDATION
Page - 1

1  2002, the Commissioner denied Plaintiff's application at the initial administrative level, and Plaintiff did not
2  seek further review (Tr. 24-27). In March 2003, Plaintiff filed a second application for disability insurance
3  benefits (Tr. 65-67). She alleged disability since November 12, 2001, due to swelling and pain in her left
4  leg, depression, and lower back pain (Tr. 90, 110). After the Commissioner denied her
5  application initially and on reconsideration, Plaintiff requested a hearing before an ALJ (Tr. 28-31, 33-35).

6  On January 10, 2005, an ALJ held a hearing and took testimony from Plaintiff and Hanoch Livneh,
7  Ph.D., a vocational expert (Tr. 255-99). On January 21, 2005, the ALJ issued a decision finding Plaintiff
8  not disabled as defined in the Social Security Act (Tr. 12-21). On September 16, 2005, the Appeals
9  Council denied Plaintiff's request for review of the ALJ's decision (Tr. 5-7). The Appeals Council's denial
10 of review made the ALJ's decision the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 422.210.

11 On October 14, 2005, Plaintiff filed her complaint with this Court. Plaintiff argues that the ALJ
12 improperly (1) found her not entirely credible; and (2) rejected Dr. Larson's disability opinion. Plaintiff
13 asks this Court to reverse the Commissioner's final decision for payment of benefits, or, alternatively, to
14 remand for further proceedings. In opposition to Plaintiff, Defendant argues the ALJ's decision is properly
15 supported by the record and free of any legal error.

16 After reviewing the parties' arguments and the record, the undersigned recommends that the Court
17 find the ALJ did not commit any legal error and the administrative decision is properly supported by
18 substantial evidence. The court should affirm the administrative decision

19                                                    DISCUSSION

20 This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper
21 legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman
22 v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a
23 reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389,
24 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a
25 preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772
26 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the
27 Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).
28 *A. THE ALJ PROPERLY ASSESSED THE MEDICAL EVIDENCE*

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, plaintiff contends the ALJ improperly rejected the opinion of Dr. Larry Larson, plaintiff's treating physician. Plaintiff argues the ALJ's reasons for discounting Dr. Larson's opinion are not clear and convincing.

After summarizing the medical evidence and Ms. Eychaner's testimony, the ALJ wrote:

I have also considered medical opinions (statements from acceptable medical sources) reflecting judgments about the nature and severity of the impairments and resulting limitations (20 CFR § 404.1527 and Social Security Rulings 96-2p and 96-6p). I have carefully considered the reports of treating, examining and non-examining medial sources, including the State Agency (Disability Determination Services) doctors who provided opinions for initial and reconsideration determinations.

It is noted Dr. Larry Larson completed a "check the box" form, supplied by the claimant's attorney, on November 20, 2003, in which he offered the opinion the claimant was unable to perform sedentary and/or light exertion work on a regular and continuous basis (i.e., 8 hours a day, 5 days a week, or an equivalent work schedule) (Exhibit 3F). As a treating medical source, Dr. Larson's opinions deserve significant consideration; however, there is no objective evidence to support his opinion the clamant is unable to perform sedentary and or light exertion work. Furthermore, such an opinion is not supported by the other medical evidence of record and cannot be given controlling weight.

A medical consultant who examined the record for the State Agency 9Disability Determination Services) May 9, 2003, concluded the claimant retained the residual functional capacity to perform light exertion work activity with some postural limitations, which included no use of ramps, stairs, ladders, ropes, and/or scaffolds (Exhibit 8F). A second State Agency medical consultant agreed with these findings on August 26, 2003 (Exhibit 7F). The State Agency's assessments were based on a thorough review of the evidence (Exhibits 7F & 8F) and they are consistent with the evidence of record. Thus, I have given the State Agency evaluations significant weight.

REPORT AND RECOMMENDATION
Page - 3

> Accordingly, I find the claimant retains the residual functional capacity to perform light exertion work activity. She has the capacity to occasionally lift and/or carry 20 pounds, and frequently lift and/or carry 10 pounds. She is able to sit for approximately 6 hours in an 8-hour day, and stand and/or walk at least 2 hours in an 8-hour day. She is limited to work that involves no use of ramps, stairs, ladders, ropes, and/or scaffolds. This residual functional capacity is consistent [with] the medial record as a whole.

Tr.18-19.

The record supports the ALJ's reasonable assessment of the medical evidence and Ms. Eychaner's residual functional capacity. In November 2003, Dr. Larson indicated Plaintiff had been incapable of performing full-time sedentary or light work since May 2002 (6 months after her November 2001 alleged disability onset date) (Tr. 185-91, 223-28). Dr. Fortner noted Plaintiff's normal computerized tomography scan and advised her to find support stockings, but did not state that she had to elevate her leg or that she could not work (Tr. 177); and in August 2003, State agency reviewing physician Robert G. Hoskins, M.D., indicated that Plaintiff could perform at least sedentary work and that the medical findings did not preclude her performance of all work activities (Tr. 204-08). The evidence of record supports a range of severity. The ALJ was entitled to rely on the opinions of the State Agency physicians, his assessment of plaintiff's testimony (see discussion below), and the other relevant evidence in the record referenced in his decision to conclude Ms. Eychaner was capable of performing certain types of light work. The ALJ decision is properly supported by substantial evidence in the record.

## B. THE ALJ PROPERLY EVALUATED PLAINTIFF'S TESTIMONY

The ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority on evaluating plaintiff's subjective complaints of pain. Bunnell requires the ALJ findings to be properly supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain.'" Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991)). An ALJ may reject a claimant's subjective pain complaints, if the claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

Here, plaintiff raises the issue of whether the ALJ erred in finding plaintiff's testimony not entirely

REPORT AND RECOMMENDATION
Page - 4

credible. After reviewing the ALJ's decision and the administrative record, the court finds that the ALJ properly evaluated plaintiff's complaint and allegations regarding the severity of her impairments.

The ALJ wrote the following analysis regarding Ms. Eychaner's testimony:

> I have considered Ms. Eychaner's testimony and have found it generally not credible. The medical evidence of record does not support the claimant's allegations that she is unable to perform basic work activities due to limitations resulting from her impairments. The claimant's allegations as to the intensity, persistence and limiting effects of these symptoms are disproportionate and not supported by any objective medical findings. There is no evidence in the medical record the claimant is required to elevate her left leg/foot as high or as long as she has alleged. Furthermore, there is evidence the claimant has not been entirely compliant in wearing the prescribed support stockings, which suggests the symptoms may not have been as limiting as the claimant has alleged in connection with this application. In addition, the claimant has described daily activities, such as housework including dishes, dusting, preparing some of the meals, vacuuming, and laundry (Exhibits 9E, 13 E, & 16E) that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. Because I am unable to rely on Ms. Eychaner's allegations for all the foregoing reasons, I cannot find her allegations concerning her inability to work to be sufficiently credible to serve as additional evidence to support a finding of disability.

Tr. 18.

Substantial evidence in the record supports the ALJ's three specific reasons for discrediting Plaintiff's testimony. First the ALJ found that the objective medical evidence did not support Plaintiff's claim of total disability. As discussed above the medical evidence supports the ALJ's finding that Plaintiff is able to perform light work. The medical evidence referenced above supporting the ALJ's decision further supports the ALJ's basis for discrediting Ms. Eychaner's claims of total disability. Second, the ALJ found that Plaintiff's medical noncompliance undermined her credibility. Although Plaintiff stated that she stopped using the compression stockings her doctors recommended because they did not help (Tr. 146, 161, 275), in June 2004, she reported that she was not using the support stockings even though they had "helped some before" (Tr. 242). The ALJ properly considered Plaintiff's medical noncompliance in discrediting her claims suggesting she was unable to perform all types of work. Thirdly, the ALJ noted Plaintiff performed many daily and social activities during the period of alleged disability. Although Ms Eychaner stated she performed them minimally and sporadically, the ALJ properly relied on these activities as a **partial** basis to discredit Plaintiff's subjective complaints.

## CONCLUSION

Based on the foregoing discussion, the Court should affirm the Administration's final decision denying plaintiff's application for social security disability benefits. Pursuant to 28 U.S.C. § 636(b)(1) and

REPORT AND RECOMMENDATION
Page - 5

Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 1, 2006**, as noted in the caption.

DATED this 11th day of August, 2006.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ J. Kelley Arnold*
　　　　　　　　　　　　　　　　　　　　　　　J. Kelley Arnold
　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 6