UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHERRY EYCHANER,<br><br>            Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>            Defendant. | Case No. C05-5676RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING FINAL DECISION OF THE SOCIAL SECURITY ADMINISTRATION |

      This matter comes before the court on the Report and Recommendation of the magistrate judge. Dkt. 15. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

      On October 14, 2005, plaintiff filed a complaint challenging the decision of the Commissioner of the Social Security Administration that had denied plaintiff's request for review of the decision of an Administrative Law Judge (ALJ). The ALJ that had found plaintiff not disabled as defined in the Social Security Act, and denied her application for social security disability benefits. In her complaint in this court, plaintiff contends that the ALJ improperly found her not entirely credible and rejected her treating physician Dr. Larson's disability opinion.

      On August 11, 2006, U.S. Magistrate Judge J. Kelley Arnold issued a Report and Recommendation, recommending that the court affirm the Social Security Administration's final decision denying plaintiff's application for social security disability benefits. Dkt. 15. The Report and

1  Recommendation concluded that (1) substantial evidence in the record supported the decision of the ALJ
2  to reject the opinion of plaintiff's treating physician because the ALJ was entitled to rely on the opinions of
3  State Agency physicians, his assessment of plaintiff's testimony, and other relevant evidence in the record
4  referenced in the decision, in concluding that plaintiff was capable of performing certain types of light
5  work; and (2) substantial evidence supported the ALJ's decision to discredit plaintiff's testimony because
6  the objective medical evidence did not support her claim of total disability; the ALJ properly considered
7  plaintiff's medical noncompliance in discrediting her claims suggesting she was unable to perform all types
8  of work; and the ALJ properly relied on plaintiffs' performance of daily and social activities as a partial
9  basis to discredit her subjective complaints.  Dkt. 15.

10  On August 21, 2006, plaintiff filed objections to the Report and Recommendation, contending that
11  (1) the Report and Recommendation improperly evaluated plaintiff's subjective complaints of pain because
12  the ALJ's decision did not specifically refer to clear and convincing evidence in the record to support a
13  finding that the degree of plaintiff's pain and limitation was overstated; and (2) the Report and
14  Recommendation erred in relying on portions of the record that were not based upon what the ALJ stated
15  his reasons to be; the contrary evidence cited in the Report and Recommendation did not contradict
16  material findings of Dr. Larson, the treating physician; and the standard used regarding plaintiff's pain
17  complaints was not properly applied.  Dkt. 16.

18  On August 22, 2006, defendant filed a response to the objections, arguing that (1) the ALJ gave
19  sufficient reasons for finding plaintiff not credible, including the medical evidence, plaintiff's medical
20  noncompliance, and plaintiff's daily activities; and (2) the ALJ did not rely solely on state agency physician
21  opinions in rejecting the treating physician's opinion; and (3) in addition to properly relying on contrary
22  state agency opinions, the ALJ summarized other medical evidence and stated that "other medical evidence
23  of record" did not support Dr. Larson's opinion.  Dkt. 17.

24  DISCUSSION

25  *Credibility Determination.* In his order the ALJ found plaintiff's testimony "generally not credible."
26  Tr. 18.

27  The ALJ concluded that the objective medical evidence did not support her claim of total disability
28  The ALJ found that plaintiff's "allegations as to the intensity, persistence and limiting effect of these

ORDER
Page - 2

symptoms are disproportionate and not supported by any objective medical findings." *Id*. The record shows that, on November 20, 2003, Dr. Larry Larson, plaintiff's treating physician, diagnosed plaintiff with "[m]usculoskeletal chronic low back pain" and "lymphedema left leg with chronic pain." Larry Larson, M.D., Medical Source Statement Concerning the Nature and Severity of an Individual's Physical Impairment, 11/ 20/03, TR 191. Dr. Larson noted that several diagnostic tests had been performed, which included the following: a bone scan which was negative; a venous duplex scan of the left leg, which was negative; MRI of the lumbar spine, which showed mild degenerative disk disease; MRI of the left leg, which showed no abnormalities seen; an X-ray of the left lower leg, which showed no abnormality; and a CT scan of the pelvis, which showed no abnormality. TR 191. Dr. Larson also noted that Dr. David Black, an orthopedist, concluded that the cause of the leg pain was undetermined; Dr. Herzberg, a neurologist found a normal nerve conduction study of the left leg; and Dr. George Fortner, a vascular surgeon, diagnosed plaintiff with lymphedema of the left leg and "Treatment–support stockings." TR 191. On June 15, 2004, Dr. Larson stated that "[t]here is no treatment available for this other than leg elevation and support stockings." TR 222. Dr. Larson's progress notes identify peripheral neuropathy, left leg; and edema, left leg, as problems. See TR 234. Dr. Larson's progress notes from 2003 and 2004 indicate the following as a result of his objective examination of plaintiff:

> Tender lower lumbar spine, left SI, and mildly right trochanter area. No pain with slr. Reflexes decreased and symmetrical. 7/21/03, TR 250.
>
> Left leg- moderate proximal thigh circumferential no pitting edema, mild posterior thigh tenderness. 2/9/04, TR 246.
>
> Some edema, non pitting upper left calf area. No real signs of DVT. I can not see that it is different from prior recent exams. Tender Left SI area. 3/16/04, TR 244.
>
> Edema, over the left knee and below, very tender at and below the knee, to the mid calf, ankle not swollen. more [sic] tender anteriorly. Lower back-mildly tender over the left SI joint. 6/7/04, TR 242.
>
> [e]dema just below and medial to the knee, tender also, tender also just proximal to the posterior knee. ROM intact, no sign of DVT. 8/16/04, TR 239.
>
> Puffy edema just below and medial to the left knee, no pitting edema at the ankle. KNee [sic] moves OK, some tightness, thigh non tender, no sign of DVT. 12/3/04, TR 234.

Dr. Larson's notes therefore indicate that there was swelling and tenderness at and below the knee, but the physical findings were noted, at most, to be mild, tender, puffy, with "some tightness." The ALJ could reasonably have concluded that plaintiff's testimony about her symptoms and degree of impairment

was greater than warranted by the medical evidence.

The ALJ also based his credibility determination on plaintiff's noncompliance with treatment recommendations and upon her testimony regarding her ability to perform daily and social activities of daily living. These reasons were proper considerations in evaluating plaintiff's credibility in relation to the severity of her impairment.

A review of the record shows that there was substantial evidence to support the decision of the ALJ regarding plaintiff's credibility.

*Rejection of Opinion of Treating Physician.* In his decision, the ALJ noted that Dr. Larson's opinion deserved significant consideration, but that there was no objective evidence to support his opinion that plaintiff was unable to perform sedentary and/or light exertion work; and that such an opinion was not supported by the other medical evidence of record and could not be given controlling weight. In making this determination, the ALJ stated that he gave significant weight to State Agency assessments that were based on a thorough review of the evidence and were consistent with the evidence of record. As discussed above, the ALJ also evaluated plaintiff's credibility regarding the degree of her impairment.

As noted above, the ALJ considered evidence of record, which included Dr. Larson's medical record and stage agency assessments, and plaintiff's credibility in determining that the degree of plaintiff's impairment did not support Dr. Larson's conclusion that plaintiff was unable to perform sedentary and/or light exertion work. Plaintiff contends that, because the ALJ did not specifically identify the portions of the medical record upon which he relied in rejecting Dr. Larson's conclusion, the reviewing court cannot properly consider the specific portions of that medical record to support the ALJ's decision. Review of the ALJ's decision is made more difficult when the decision merely refers to "other medical evidence of record" and does not identify the specific portions of the medical record upon which the ALJ relied. Nonetheless, the ALJ did indicate that his decision to reject Dr. Larson's conclusion was based, in part, upon the medical evidence of record, and the record contained that evidence. This court did not improperly rely on evidence that the ALJ failed to reference in his decision. The ALJ did not improperly reject the opinion of Dr. Larson, plaintiff's treating physician.

The court should adopt the Report and Recommendation and should affirm the decision of the Social Security Administration denying plaintiff's application for social security disability benefits.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. 15) is **ADOPTED**. The decision of the Social Security Administration denying plaintiff's application for social security disability benefits is **AFFIRMED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 8th day of September, 2006.

/s/ Robert J. Bryan
Robert J. Bryan
United States District Judge